Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICIA PRATT, | Case No.: 2:17-cv-371 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LVNV FUNDING, LLC, a Delaware limited liability company, and SUTTELL & HAMMER, P.S., a Washington corporation. | **(Demand for Jury Trial)** |
| Defendants. | |

COMES NOW the Plaintiff Patricia Pratt, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendant as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim of abuse of process.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Patricia Pratt is a natural person residing in Kootenai County, Idaho, and is an alleged "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant LVNV Funding is a Delaware limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.

4. LVNV Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. LVNV Funding is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Suttell & Hammer is a Washington corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 10900 NE 8th St, Bellevue, WA 98004.

7. Suttell & Hammer is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Suttell & Hammer is licensed to do business in Idaho and can be served through its registered agent, National Registered Agents, Inc., 921 S. Orchard St, Suite G, Boise, ID 83705.

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. LVNV Funding is a company which purchases charged-off debts for pennies on the dollar and then attempts to collect.

12. LVNV Funding attempts to collect debts allegedly owed by Idaho residents.

13. Those collection efforts include filing suit in Idaho.

14. LVNV Funding employs the services of no less than three law firms which operate in Idaho, including Suttell & Hammer.

15. On May 17, 2017, LVNV Funding, through Suttell & Hammer (at the time Suttell, Hammer & White), filed a lawsuit against Patricia Pratt in Idaho state court, Kootenai County Case No. CV-2017-3868.

16. The complaint alleged that Ms. Pratt had opened a credit card account and provided the last four digits of an account number, but no indication what bank the credit card was issued from.

17. The complaint further alleged that Ms. Pratt had used the credit card for goods and services and now owed $1,042.13.

18. LVNV Funding claimed in the complaint that it was the assignee of Ms. Pratt's alleged account.

19. The alleged debt was primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

20. On June 5, 2017, Ms. Pratt, through counsel Ryan A. Ballard of Ballard Law, PLLC, faxed an answer to the complaint to Suttell & Hammer and placed a copy of the answer in the mail to the court.

21. Also included with the answer was a certificate of service and Defendant's first set of discovery requests.

22. All three documents had Mr. Ballard's contact information on them and clearly indicated that he was representing Ms. Pratt.

23. The fax number used was (425) 453-3239.

24. Mr. Ballard has successfully faxed correspondence to Suttell & Hammer at (425) 453-3239 on dozens of occasions.

25. On August 3, 2017, Mr. Ballard placed Defendant's Motion for Summary Judgment, Brief in Support of Defendant's Motion for Summary Judgment, Affidavit of Ryan A. Ballard, Notice of Hearing, and Certificate of Service in the mail to both the court and Suttell & Hammer.

26. The address used for Suttell & Hammer is the one found in its pleadings, P.O. Box C-90006, Bellevue, WA 98009.

27. That mail was not returned to Mr. Ballard's office.

28. The court received the August 3 mailing on August 8.

29. On or about August 25, LVNV Funding and Suttell & Hammer sent their Response to Defendant's Motion for Summary Judgment to Mr. Ballard's office by fax.

30. Approximately two days later, Defendants filed their own motion for summary judgment, as well as a memorandum in support, motion to appear by telephone, and proposed orders.

31. Those documents, however, were not sent to Mr. Ballard.

32. Instead, Defendants mailed the summary judgment package to Ms. Pratt directly, more than 80 days after being notified that she was represented by counsel.

33. Upon receiving a thick stack of papers from Defendants, Ms. Pratt became alarmed and distraught, believing her case had been lost.

34. Ms. Pratt was also alarmed and distraught to have received paperwork directly from Defendants because she believed by retaining counsel she had created a buffer between herself and Defendants so that she would not be directly harassed.

### COUNT I: VIOLATION OF THE FDCPA

35. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

36. 15 U.S.C. § 1692b(6) states that "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such

attorney's name and address, [may] not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector."

37. Defendants were aware that Ms. Pratt was represented by counsel.

38. Ms. Pratt's attorney did not fail to respond to the summary judgment documents within a reasonable time, because Defendants did not even send the documents to Ms. Pratt's attorney.

39. Ms. Pratt is entitled to statutory and actual damages due to Defendants' violation.

## COUNT II: VIOLATION OF THE FDCPA

40. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

41. 15 U.S.C. § 1692c(a)(2) states that "a debt collector may not communicate with a consumer in connection with the collection of any debt. . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

42. Defendants were aware that Ms. Pratt was represented by counsel.

43. Ms. Pratt did not give consent to Defendants to communicate directly with her.

44. Ms. Pratt's attorney did not fail to respond to the summary judgment documents within a reasonable time, because Defendants did not even send the documents to Ms. Pratt's attorney.

45. Ms. Pratt is entitled to statutory and actual damages due to Defendants' violation.

## COUNT III: ABUSE OF PROCESS

46. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

47. LVNV Funding and Suttell & Hammer took a willful act to use the legal process by filing a

motion for summary judgment and having it served directly on Ms. Pratt.

48. It was improper for Defendants to have the summary judgment package served directly on Ms. Pratt and not on her attorney.

49. Upon information and belief, Defendants hoped to cause Ms. Pratt anxiety and worry that she would lose the case and that her counsel was not adequately protecting her rights.

50. Such action constitutes an ulterior, improper purpose for the filing of a motion for summary judgment.

51. Ms. Pratt is entitled to actual and punitive damages due to Defendants' violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial,

B. Statutory damages up to $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

F. For Court costs; and

G. For such other and further relief as may be just and proper.

DATED: September 6, 2017

/s/ Ryan A. Ballard<br>Ryan A. Ballard<br>Ballard Law, PLLC